UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

    Plaintiff,

v.

UNKNOWN ERICSON, et al.,

    Defendants.

_____/

Case No. 2:15-cv-10345

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER OVERRULING OBJECTIONS [51, 59, 72, 73]
AND AFFIRMING THE MAGISTRATE JUDGE'S ORDERS [47, 56 70, 71]**

Michigan state prisoner Robert Annabel filed a pro se civil rights complaint under 42 U.S.C. § 1983. The Court referred the case to Magistrate Judge Stephanie Dawkins Davis for all pretrial proceedings, including determination of non-dispositive matters. ECF 22. Magistrate Judge Davis subsequently issued orders requiring Annabel to provide correct addresses for three defendants; granting in part and denying in part Annabel's motion to compel service, and striking a motion to dismiss; denying Annabel's motion to strike Defendants' reply brief; and denying Annabel's motion to disqualify the judges from the case. ECF 47, 56, 70, 71. Annabel has lodged objections to each of these orders. Having examined the record and reviewed the magistrate judge's orders for clear error, the Court will overrule the objections and affirm the orders.

**STANDARD OF REVIEW**

Civil Rule 72(a) governs a district judge's review of a magistrate judge's order on a non-dispositive pretrial matter. Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). The district judge must consider any objections to the order timely filed within 14 days of its entry and may "modify or set aside any part of the order that is clearly erroneous or is contrary to

law." Fed. R. Civ. P. 72(a). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## DISCUSSION

As an initial matter, several of Annabel's objections violate Rule 72(a), which—as the magistrate judge repeatedly explained—required Annabel "to specify the part of the Order to which [he] objects and state the basis of the objection." ECF 47, PgID 350; ECF 56, PgID 407; ECF 70, PgID 545; ECF 71, PgID 549. Accordingly, those objections are summarily overruled. *See* ECF 51, PgID 372–73 (an objection seeking an order compelling the Michigan Department of Corrections (MDOC) to "stop being evasive"); ECF 59, PgID 488–90 (an objection claiming the MDOC habitually withholds the first names of officers from prisoners prior to process of service, and frequently fails to properly consult employee records).

After reviewing the evidence and Annabel's remaining objections, the Court is not left with the definite and firm conviction that the magistrate judge committed any mistakes. Those objections will also be overruled.

I.  Order to Provide Correct Address [47]

First, Annabel claims that the magistrate judge's order requiring him to provide correct addresses for several of the Defendants is an "unreasonably oppressive procedure." ECF 51, PgID 371–72. The Court disagrees. While the Court bears "the responsibility for issuing the plaintiff's process to a United States Marshal, who must effectuate service upon the defendants once the plaintiff has properly identified them in the complaint," it is the

plaintiff's responsibility to "specifically identify each defendant against whom relief is sought, and must give each defendant notice of the action by serving upon him or her a summons and copy of the complaint." *Wendt v. Hutchinson*, No. 4:08 CV 12485, 2008 WL 4280117, at *3 (E.D. Mich. Sept. 11, 2008). This burden is not an "unreasonably oppressive procedure"—it is a basic obligation that accompanies the filing of a civil complaint. The magistrate judge did not clearly err in ordering Annabel to fulfill his obligation to provide addresses of the defendants.

Second, Annabel argues that the U.S. Marshal made no serious attempts to locate Defendant Jorg Erichsen. ECF 51, PgID 372. This objection is speculative and unsubstantiated. Without any evidence of bad faith by the U.S. Marshals, and to the extent Annabel objects to the magistrate judge's order for the Marshals to effectuate service, the Court does not find that the magistrate judge made a mistake.

II.  <u>Order Denying Motion to Strike [70]</u>

Annabel objects to the order on the ground that he "proved by clear evidence that Defendants' motion was both frivolous but also perjurious with obviously false documents." ECF 72. The Court disagrees. The magistrate judge properly reasoned that Annabel's arguments "will necessarily be considered by the court on the MDOC defendants' pending motion for summary judgment which raises the issue of exhaustion." ECF 70, PgID 544. Her decision was neither erroneous nor contrary to law.

III.  <u>Order Denying Motion to Disqualify Judge [71]</u>

First, Annabel contends that the magistrate judge erred because the "extra judicial source doctrine" referenced in the magistrate judge's order was struck down by the Supreme Court, and "is not the only means by which a judge must either recuse or be

3

disqualified from a case." ECF 73, PgID 554.

Annabel's objection is without merit. In her order, the magistrate judge correctly cited 28 U.S.C. §§ 144 and 455, soundly reasoned that Annabel did not allege or substantiate any bias against him as explained by *Taylor Acquisitions, LLC v. City of Taylor*, 313 F. App'x 826 (2009), and fairly concluded Annabel's "claims of bias and the bases for his motion for disqualification are grounded solely in an unfounded and unsupported belief that Judge Murphy and undersigned hold some bias against [Annabel] based on the timing of their rulings." ECF 71, PgID 547–49. There is no clear error here.

Second, Annabel claims that the order "grossly mistates [sic] the grounds in Plaintiff's motion in a deliberate effort to conceal a consistent scheme to prejudice this case." ECF 73, PgID 554–55. He further accuses the Court of knowing that its earlier order dismissing his case under the "three strikes" provision of the Prison Litigation Reform Act of 1996 was false, and issuing it with the hope that it would frustrate Annabel into dropping his case. *Id.* The Court rejects these baseless accusations. The magistrate judge's order was thorough and well-reasoned. Annabel has provided the Court with no factual or legal basis to find otherwise.

Finally, Annabel argues that the Court's prior order "actually condones and approves of subornation of perjury, perjury, and documents that are clearly false on their face is irrebutable [sic] evidence of judicial misconduct and corrupt bias." ECF 73, PgID 555–57. But as stated above, the Court has reviewed the order and is not left with the definite and firm conviction that a mistake has been committed, much less that it "condones and approves" of perjury. Accordingly, the final objection will be overruled.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Annabel's Objections [51, 59, 72, 73] are **OVERRULED**, and the magistrate judge's orders [47, 56, 70, 71] are **AFFIRMED**.

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 5, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 5, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager