UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

    Plaintiff,

v.

JORG ERICHSEN, et al.,

    Defendants.
_____/

Case No. 2:15-cv-10345

HONORABLE STEPHEN J. MURPHY, III

MAGISTRATE STEPHANIE DAWKINS DAVIS

**OPINION AND ORDER SUSTAINING OBJECTION [87], HOLDING REPORT [86] IN ABEYANCE, REQUIRING AN ATTEMPT OF SERVICE ON DEFENDANTS BROWN, ROBBINSON, AND WEBERG, AND AMENDING CAPTION**

Michigan state prisoner Robert Annabel filed a pro se civil rights complaint under 42 U.S.C. § 1983. The Court referred the case to Magistrate Judge Stephanie Dawkins Davis, who ordered Plaintiff to show cause why she should not recommend dismissal as to Defendants Robbinson, Brown, and Weberg. Plaintiff filed objections which Magistrate Judge Davis construed as a response to the order. Before the Court is Magistrate Judge Davis's Report and Recommendation that the Court dismiss Plaintiff's claims against Robbinson, Brown, and Weberg with prejudice pursuant to Rule 41(b). Having examined the record and considered Plaintiff's timely objections de novo, the Court will sustain the objections in part, hold the Report in abeyance, and order one final attempt of service on Robbinson, Brown, and Weberg.

**BACKGROUND**

The Report properly details the events giving rise to Plaintiff's action. ECF 86, PgID 670–74. The Court will adopt that portion of the Report.

**LEGAL STANDARD**

Federal Rule of Civil Procedure 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party has objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). De novo review is required, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

**DISCUSSION**

Rule 4(m) states in pertinent part as follows:

> If a defendant is not served within 120[1] days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

It has been more than a year since the Court granted Plaintiff's application to proceed in forma pauperis and directed the U.S. Marshal to serve the defendants without prepayment of costs. *See Abel v. Harp*, 122 F. App'x 248, 251 (6th Cir. 2005) (quoting 28 U.S.C. § 1915(d), which requires "[t]he officers of the court [to] issue and serve all process, and perform all duties in such cases" after granting a plaintiff leave to proceed as a pauper). The Michigan Department of Corrections (MDOC) designated Robbinson and Brown as "unknown," and refused to accept service on their behalf. ECF 25, 26. Defendant Weberg

---

[1] As of December 1, 2015, Rule 4 requires service within 90 days of filing. Plaintiff filed his complaint before this date, so the 120-day deadline applies.

was initially misidentified as Merrianne Weberg, so the Court re-ordered service. ECF 45.

The Court must consider whether Plaintiff has shown good cause for his non-compliance with the 120-day service period. *Lockhart v. Holiday Inn Exp. Southwind*, 531 F. App'x 544, 549 (6th Cir. 2013). "Absent a showing of good cause to justify a failure to effect timely service, the Federal Rules of Civil Procedure compel dismissal." *Byrd v. Stone*, 94 F.3d 217, 219 (6th Cir. 1996). To establish "good cause" for his failure to timely serve a defendant, a pro se plaintiff must show that he has not "remain[ed] silent and do[ne] nothing to effectuate such service." *Abel*, 122 F. App'x at 252 (quoting *Rochon v. Dawson*, 828 F.2d 1107, 1110 (5th Cir. 1987)).

To date, Plaintiff has yet to provide full names and addresses for the three unserved defendants despite Magistrate Judge Davis's repeated admonition that "the onus remain[ed] on [Plaintiff] to discover and submit sufficient information for service of all defendants he has named in his lawsuit" in the event the U.S. Marshal could not effectuate service. ECF 86, PgID 671. With the Rule 4(m) deadline now long-passed, Magistrate Judge Davis has recommended that those defendants be dismissed.

Although he has yet to produce the unserved defendants' full names and addresses, Plaintiff has not "remained silent and done nothing" to effectuate service. He has requested—from the Court and elsewhere—the assistance of counsel for the limited purpose of serving the unidentified defendants.[2] *See* ECF 87, PgID 685–87. He has also

---

[2] Plaintiff made this request earlier, *see* ECF 75, PgID 569–70, and reiterated it here as an objection to the Report, ECF 87, PgID 681. But "there is no right to counsel in prisoner civil rights cases," *Bennett v. Smith*, 110 F. App'x 633, 635 (6th Cir. 2004) (citing *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir.1996)), and "[t]he appointment of counsel in a civil proceeding is justified only by exceptional circumstances." *Bennett*, 110 F. App'x at 635 (citing *Lavado v. Keohane*, 992 F.2d 601, 604–06 (6th Cir. 1993)). Courts look at "the

3

cited a record document purportedly identifying Brown, described the physical characteristics of Brown and Robbinson, described the unit to which Brown and Robbinson were assigned, and described Corrections Officer Weberg as the son of Lieutenant Merrianne Weberg. ECF 51, PgID 373 (citing ECF 43, PgID 283–87); ECF 84, PgID 663.

It is in consideration of this information and with an abundance of caution that the Court finds good cause to allow one final extension of time for the U.S. Marshal to attempt to serve Defendants Brown, Robbinson, and Weberg. If the MDOC is unable to identify those defendants using the information Plaintiff has provided, it will become clear that any further attempts to serve the defendants will not be fruitful and that litigation must proceed without them. The Court will hold the Report in abeyance until it hears back from the U.S. Marshal regarding their final attempt to effectuate service.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Plaintiff's Objection [87] is **SUSTAINED**, and the Report and Recommendation [86] is **HELD IN ABEYANCE**.

**IT IS FURTHER ORDERED** that because the Court has previously determined that Plaintiff may proceed in forma pauperis, the U.S. Marshal shall once again make all reasonable efforts to serve the appropriate papers in this case on Defendants **Weberg**, **Robbinson**, and **Brown** without prepayment of the costs for such service. The Michigan Department of Corrections shall make a good-faith attempt to identify defendants **Weberg**,

---

type of case and the abilities of the plaintiff to represent himself" to determine whether exceptional circumstances exist. *Lavado*, 992 F.2d at 606. Those circumstances do not exist here: the case is not overly complex, and Plaintiff has extensive litigation experience, *see* ECF 1, PgID 2 (list of other lawsuits Plaintiff filed while incarcerated), as demonstrated here by the quality of Plaintiffs' briefs. He is quite capable of representing himself.

4

**Robbinson**, and **Brown** based on the following information, and furnish the U.S. Marshals Service with their last-known address:

- Defendant **Weberg** is alleged to be a corrections officer who was on second shift at Macomb Correctional Facility (MRF), 34625 26 Mile Rd., New Haven, MI 48048 during the relevant time period, and worked at Alger Maximum Correctional Facility during 2006 prior to his transfer to the Macomb Correctional Facility. He is also the son of already-identified Lieutenant Merrianne Weberg. *See* ECF 54.

- Defendant **Brown** is alleged to be a heavy set, African-American corrections officer who was a second shift, Unit 7 regular, on duty on February 1, 2014 at MRF. He is identified as having been interviewed and had his time card checked in the "Summary of Step II Investigation" section in the "Step II Grievance Appeal Response" page of Grievance Identifier "MRF-14-02-0154-11C."

- Defendant **Robbinson** is alleged to be a tall, white corrections officer who was a first shift, Unit 1 or 7 regular, on duty on February 2, 2014 at MRF. He is alleged to have been identified by Plaintiff in several Critical Incident Reports.

**IT IS FURTHER ORDERED** that MDOC shall send the requested information to: Administrative Officer, U.S. Marshals Service, Eastern District of Michigan, 231 West Lafayette, Detroit, Michigan 48226. The information may be used only for purposes of effectuating service (or for proof of service, should a dispute arise), and any documentation of the address will be retained only by the U.S. Marshals Service. Address information will not be maintained in the court file or disclosed by the U.S. Marshals Service except as directed by court order.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service is authorized to mail a request for waiver of service to defendant in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service. The U.S. Marshals Service may collect the usual and customary costs from Plaintiff after effectuating service.

**IT IS FURTHER ORDERED** that if (after this final order of service) any or all of the

full names and addresses of the fulls names and addresses of Defendants **Weberg**, **Robbinson**, and **Brown** remain unknown, all claims against the unserved defendants will be summarily dismissed without prejudice from this action without further notice or hearing.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall **AMEND** the case caption to read: *Robert Annabel v. Jorg Erichsen, et al.*

**SO ORDERED**.

s/Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: August 15, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 15, 2017, by electronic and/or ordinary mail.

s/David P. Parker
Case Manager