UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

        Plaintiff,

Case No. 2:15-cv-10345

HONORABLE STEPHEN J. MURPHY, III

v.

JORG ERICHSEN, et al.,

        Defendants.
                              /

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [144], DENYING PLAINTIFF'S MOTION FOR SANCTIONS [100], AND OVERRULING PLAINTIFF'S OBJECTIONS [145]

On January 26, 2015, Plaintiff Robert Annabel filed his civil rights complaint. The Court referred all pretrial proceedings to the magistrate judge, ECF 22, and then rescinded the order as to only dispositive motions, ECF 106. On October 10, 2017, Plaintiff filed a motion for sanctions against Attorney Alan J. Soros, who represents the MDOC Defendants. ECF 100. The parties fully briefed the motion, ECF 117 and 121, the magistrate judge issued a Report and Recommendation denying Plaintiff's motion ("Report"), ECF 144, and Plaintiff objected, ECF 145.[1] After considering the objections de novo, the Court concludes Plaintiff's arguments do not have merit. Accordingly, the Court

---

[1] Neither the statute governing referral to a magistrate judge, 28 U.S.C. § 636(b)(1)(A), nor the Local Rules, E.D. Mich. LR 7.1(e)(1)(A), list a motion for sanctions as a dispositive motion. The Sixth Circuit, however, unequivocally treats post-judgment motions for sanctions as dispositive. *See Massey v. City of Ferndale*, 7 F.3d 506. 509–10 (6th Cir. 1993). The magistrate judge noted that, as a prudential matter, district courts in the Sixth Circuit treat even pretrial Rule 11 motions for sanctions as dispositive. *See* ECF 144, PgID 1112–13. The magistrate judge therefore provided the Report instead of an order disposing of the motion.

will adopt the Report, overrule Plaintiff's objections, and deny Plaintiff's motion for sanctions.

## BACKGROUND

The Court detailed extensively the history and alleged facts of the case in its recent order addressing a motion for summary judgment. ECF 149. The Report properly details the briefs regarding Plaintiff's motion for sanctions. ECF 144, PgID 1113–17. The Court will adopt that portion of the Report.

## STANDARD OF REVIEW

Civil Rule 72(b) governs the review of a magistrate judge's report. A district court's standard of review depends upon whether a party files objections. The Court need not undertake any review of portions of a Report to which no party objected. *Thomas v. Arn*, 474 U.S. 140, 153 (1985). The Civil Rules require de novo review, however, if the parties "serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). In conducting a de novo review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

On November 7, 2016, MDOC Defendants filed a reply brief in support of their first motion for summary judgment ("Reply"). ECF 60. On November 21, 2016, Plaintiff moved to strike the Reply. ECF 61. Plaintiff argued that the Reply was frivolous, expressed false and malicious statements of fact, and contained false documents (including allegedly a perjurious affidavit and a falsified email and medical consent form). The MDOC Defendants responded to the motion to strike ("Response"). ECF 64. Annabel then moved for sanctions arguing that the Response contained perjurious statements and a falsified

document. ECF 66. The magistrate judge issued the Report and Plaintiff filed three objections. The Court will now address each objection.

I.  First Objection

Plaintiff's Rule 11 motion was procedurally defective. Rule 11 states that a motion for sanctions must be served on the alleged violator for twenty-one days before it is filed on the docket. Fed. R. Civ. P. 11(c)(2). The so-called "safe-harbor provision" is "an absolute requirement" made "unquestionably explicit" by the rule. *Ridder v. City of Springfield*, 109 F.3d 288, 296 (6th Cir. 1997) (collecting cases). Failure to comply with the twenty-one day requirement, therefore, "precludes imposing sanctions on the party's motion." *Penn, LLC v. Prosper Bus. Dev. Corp.*, 773 F.3d 764, 767 (6th Cir. 2014).

Here, Plaintiff mailed a copy of his motion for sanctions to the MDOC Defendants on October 4, 2017. Only six days later—on October 10, 2017—Plaintiff filed his motion on the docket. Plaintiff undeniably failed to comply with Rule 11's twenty-one day safe-harbor requirement.

Plaintiff objects to the Report's finding that he failed to comply with Rule 11's safe-harbor provision. In particular, Plaintiff insists that an exception to Rule 11's safe-harbor requirement exists for an alleged willful scheme to deceive. ECF 145, PgID 1128. No such exception exists; the Sixth Circuit has made clear that the safe-harbor requirement is an absolute requirement. The Court, therefore, will overrule Plaintiff's first objection.

II.  Second Objection

Plaintiff's second objection contends that the Report misconstrued certain evidence and failed to take judicial notice of prior bad acts by Mr. Soros. Upon review of the Report's findings, the Court determines that the magistrate did not misconstrue the

3

evidence. *See* ECF 144, PgID 1121–23. Moreover, the Report applied the appropriate legal standard.

Plaintiff further objects that the magistrate "wholly failed to take judicial notice of prior acts evidence[.]" ECF 145, PgID 1129. Plaintiff directs the Court to another of his pending cases in the District, *Annabel v. Frost*, 2:14-cv-10244, ECF 148. The court in that case, however, never made any finding of bad acts related to forgery or falsified documents. Additionally, Plaintiff recently withdrew the motion to which he refers. *See* 2:14-cv-10244, ECF 179. The Court will therefore overrule Annabel's second objection.

III.  <u>Third Objection</u>

Finally, Plaintiff argues that the issue of the perjurious document is not moot. Plaintiff failed to "specify the part of the order, proposed findings, recommendations, or report" to which the objection relates as required by the Local Rules. E.D. Mich. LR 72.1(d)(1)(A). Based on Plaintiff's reference to the pending motion for summary judgment, the Court construes the objection as one to the Report's finding that his motion for sanctions was untimely, or as an objection to the Report's recommendation to not exercise the Court's inherent sanctioning power. The Report correctly determined that the motion was untimely and recommended not sanctioning Mr. Soros.

First, Rule 11 requires a motion for sanctions to be filed "promptly after the inappropriate paper is filed[.]" *Ridder*, 109 F.3d at 295 (citing Fed. R. Civ. P. Advisory Committee Notes (1993 Amendments)). If the motion is "delayed too long" it may be

untimely. *Id.* Here, Plaintiff filed his motion for sanctions nearly ten months after the filing of the allegedly inappropriate paper.[2] That is not prompt.

Second, Plaintiff filed his motion for sanctions after the Court found moot the motion for summary judgment to which it related. A "party cannot wait to seek sanctions until after the contention has been judicially disposed." *Ridder*, 109 F.3d at 295. In other words, a party must seek sanctions *before* the Court disposes of the motion containing the inappropriate filing. Here, Plaintiff's filing came after the Court disposed of the problematic motion. The magistrate judge denied the motion to strike in March 2017 and the Court affirmed the magistrate judge's denial on April 5, 2017. ECF 74. Then, on September 22, 2017, the Court found moot the MDOC Defendants' pending motion for summary judgment. Only after that determination did Plaintiff file his motion for sanctions.

Finally, a court may exercise its inherent power to sanction if a party "has acted in bad faith, vexatiously, wantonly, or for oppressive reasons[.]" *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46 (1991). Plaintiff failed to demonstrate that Mr. Soros's conduct satisfies the standard. The Court, therefore, declines to exercise its discretion or to issue sanctions against Mr. Soros.

**ORDER**

**WHEREFORE**, it is hereby **ORDERED** that the Report and Recommendation [144] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's objections [145] are **OVERRULED**.

---

[2] The Response with the alleged perjury and falsified documents was filed on December 12, 2016. ECF 64. Plaintiff filed his motion for sanctions on October 10, 2017.

5

**IT IS FURTHER ORDERED** that Plaintiff's motion for sanctions [100] is **DENIED**.

    **SO ORDERED**.

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: August 8, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 8, 2018, by electronic and/or ordinary mail.

                                        s/ David Parker
                                        Case Manager