UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ROBERT ANNABEL,<br>     Plaintiff, | Case No.: 15-10345 |
| v. | Stephen J. Murphy, III<br>United States District Judge |
| JORG ERICHSEN, *et al*,<br>     Defendant.<br>_____/ | Stephanie Dawkins Davis<br>United States Magistrate Judge |

**REPORT AND RECOMMENDATION**
**PLAINTIFF'S MOTION FOR CONTEMPT (Dkt. 201)**

## I.    PROCEDURAL HISTORY

Plaintiff Robert Annabel filed the instant action January 26, 2015. (Dkt. 1). District Judge Stephen J. Murphy, III referred this case to the undersigned for all pretrial proceedings, except as to dispositive motions. (Dkt. 22, 106). On December 31, 2018, the Court, in response to Annabel's first motion for contempt, ordered defendant Jorg Erichsen to supplement his answers to Annabel's first set of interrogatories by January 7, 2019. (Dkt. 190). The Court further ordered that for every day between January 7 and the date Erichsen sends his fully-compliant revised responses Erichsen must submit payment to the Court in the amount of $25 per day. (Dkt. 190, at p. 7-8). On January 25, 2019, Annabel filed his second motion for contempt against Erichsen stating that he still has not received Erichsen's revised responses. Annabel seeks an order of contempt, sanctions, and

entry of "discovery default judgment" pursuant to Fed. R. Civ. P. 37(b)(2) against Erichsen. (Dkt. 201).

For the reasons set forth below, the undersigned **RECOMMENDS** entry of default judgment against defendant Jorg Erichsen.

## II. ANALYSIS AND RECOMMENDATION

1. Legal Standards

Among the variety of discovery sanctions available in a district court's "arsenal," the entry of a default judgment against a defendant or an order of dismissal against a plaintiff are the court's "strongest weapon[s]." *Grange Mut. Cas. Co. v. Mack*, 270 Fed.Appx. 372, 376 (6th Cir. 2008) ("A district judge holds a variety of sanctions in his arsenal, the most severe of which is the power to issue a default judgment."); *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 154 (6th Cir. 1988) ("Dismissal of an action for failure to cooperate in discovery is a sanction of last resort."). The Supreme Court has justified these harsh sanctions by acknowledging their value as both a specific and general deterrent:

> [A]s in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent.

*National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Rule 37(b)(2) provides that where a party "fails to obey an order to provide or permit discovery ... the court where the action is pending may issue further just orders[,]" including, but not limited to, "prohibiting the disobedient party from supporting or opposing designated claims or defenses, ... striking pleadings in whole or in part[,] ... dismissing the action or proceeding in whole or in part[,] ... [or] rendering a default judgment against the disobedient party." Fed.R.Civ.P. 37(b)(2). A court may also, in addition to or as an alternative to the above-mentioned orders, direct "the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure" to comply with the court order. Fed.R.Civ.P. 37(b)(2)(C).

In the Sixth Circuit, entry of default judgment pursuant to Rule 37 is reviewed for an abuse of discretion. *Stooksbury v. Ross*, 528 Fed. Appx. 547, 552 (6th Cir. 2013) (citing *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990)). Furthermore, despite the fact that an entry of default is a "'drastic step which should be resorted to only in the most extreme cases,'" *Stooksbury*, 528 Fed.Appx. at 552 (quoting *United Coin Meter Co. v. Seaboard Coastline R.R.*, 705 F.2d 839, 845 (6th Cir. 1983)), "the district court does not abuse its discretion in entering a default judgment where a 'party has the ability to comply with a discovery order and does not.'" *Stooksbury*, 528 Fed. Appx. at 552 (quoting *Abbe*,

916 F.2d at 1073). A court must consider four factors when determining whether a plaintiff's complaint should be dismissed pursuant to Rule 37:

> (1) whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the party's adversary was prejudiced by the party's failure to cooperate in discovery; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Abbe*, 916 F.2d at 1073. "Although no one factor is dispositive, dismissal [or default judgment] is proper if the record demonstrates delay or contumacious conduct," *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002), i.e., conduct that is "'perverse in resisting authority' and 'stubbornly disobedient,'" *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting Webster's Third New International Dictionary 497 (1986)) (internal citations omitted).

This Court also has the inherent authority to sanction litigants, which "derives from its equitable power to control the litigants before it and to guarantee the integrity of the court and its proceedings." *Dell, Inc. v. Elles*, 2008 WL 4613978, *2 (6th Cir. 2008) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-50 (1991)). Indeed, the court has the inherent power to sanction a party when that party exhibits bad faith, including the party's refusal to comply with the court's orders. *Chambers*, 510 U.S. at 43-50. It is within a court's inherent authority to

4

"fashion an appropriate sanction for conduct which abuses the judicial process." *Dell*, at *2 (quoting *Chambers*, 510 U.S. at 44-45); *see also Gonzalez v. Ohio Cas. Ins. Co.*, 2008 WL 4277258, *1 (E.D. Mich. 2008) ("this court enjoys inherent authority to control its docket in promoting economies of time and effort for the court, the parties, and the parties' counsel."). Nevertheless, the use of default judgment against a defendant under Rule 37(b)(2)(A)(vi) is an extreme sanction. *See Buck v. U.S. Dept. Of Agriculture, Farmers Home Admin.*, 960 F.2d 603, 607-08 (6th Cir. 1992). Consequently, the Court should not impose such a sanction absent "a clear record of delay or contumacious conduct" by the offending party and when "no alternate sanction would protect the integrity of the pre-trial proceedings." *Id.* at 608; *see also Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990) ("Just as '[d]ismissal of an action for failure to cooperate in discovery is a sanction of last resort that may be imposed only if the court concludes that a party's failure to cooperate in discovery is due to willfulness, bad faith, or fault ...,' so, too, is entry of default judgment.").

  2. Analysis

  The undersigned finds that Erichsen's first anemic, then non-existent responses to motions and Court orders were rooted in bad faith and constitute contumacious conduct. Erichsen has demonstrated a clear pattern of ignoring litigation responsibilities and court orders. In this Court's recent order requiring

Erichsen to provide revised discovery responses and imposing a fine as a sanction for the failure to so, the Court listed Erichsen's instances of disobedience as follows:

> In reviewing the docket, there are numerous instances of Erichsen disregarding an order of this Court. On January 8, 2018, Annabel filed a motion to compel responses to his third set of interrogatories and first request for production of documents. (Dkt. 129). On February 7th the Court ordered Erichsen to respond (Dkt. 138); Erichsen did not respond. On May 7th Annabel filed yet another motion to compel against Erichsen for his fourth set of interrogatories. (Dkt. 140). The Court ordered a response (Dkt. 165); Erichsen did not respond. On October 22, 2018, Annabel renewed his motion to compel against Erichsen at docket no. 129 after the stay of discovery was lifted. (Dkt. 163). The Court ordered a response (Dkt. 165); Erichsen did not respond. Erichsen also did not respond to the Court's order to show cause why the motions at docket nos. 140 and 163 should not be granted in light of his failure to respond. The Court granted Annabel's motions to compel at docket nos. 140 and 163. (Dkt. 187). Erichsen has also disregarded a Court order for his appearance at a Rule 16 pretrial conference. On September 26, 2018, the Court provided notice to Erichsen to appear by telephone for the conference set for September 28, 2018. (Dkt. 156). Erichsen did not appear or otherwise participate in the telephonic status conference, instead calling the court after the close of business and many hours after the scheduled conference. (See Minute Entry dated 9/28/2018).

(Dkt. 190, at p. 8-9). All told, the above recitation chronicles five separate instances of Erichsen disregarding this Court's orders. Erichsen's latest infraction is his failure to provide to Annabel a revised set of responses by January 7th as

6

ordered. (Dkt. 190). As mentioned, the Court imposed a $25 per day sanction for every day between January 7th and the date Erichsen files a notice with the court confirming that he has served fully-compliant revised responses to Annabel. Erichsen has not filed any notice with the court indicating he has done so and thus apparently has yet to send Annabel revised responses. Hence, as of the issuance of this report and recommendation, Erichsen has accrued well over $1,500 in sanctions at $25 per day since January 7th.

In addition to his failure to comply with the aforementioned court orders, Erichsen has plainly demonstrated that he does not intend to participate further in this litigation. In his September 25, 2017 response to one of Annabel's motions to compel, Erichsen states that he "decline[s] to share any further communication with Mr. Annabel," explaining that he was concerned about a prisoner having his address and sharing it with other prisoners. (Dkt. 98). Separately, in an undated letter apparently relating to plaintiff's second discovery requests, he states that he does not have documents from his time at MDOC and that since Annabel has the assistance of prison legal aides and a law library he could get the documents himself. (Dkt. 182, Pg ID 1411). Amongst other things, Erichsen also then goes on to state, "On a second level why should I help you who is (sic) suing me? It would appear that you want me to assist you to 'get me.' Perhaps your relatives can assist you in FOIA matters." (*Id.*). Additionally, in an undated short note to

7

Annabel, Erichsen stated that he would answer interrogatories but would not answer "admissions" unless directed to do so by the Court. (Dkt. 163, Pg ID 1291).

These letters indicate two things: First, Erichsen is capable of complying with Court orders, i.e. providing a written response to Annabel and the Court. *Whited v. Motorists Mutual Ins. Co.*, 2010 WL 3862717 (E.D. Mich. 2010) ("[I]f a party has the ability to comply with a discovery order and does not, dismissal is not an abuse of discretion.") (quoting *Reg'l Refuse*, 842 F.2d at 154); second, his letters reveal an intent to willfully disregard orders to respond to motions or to comply with discovery requests. While the Court has never asked Erichsen to "help" Annabel, the Court has repeatedly ordered him to respond to motions and to respond to discovery. (*See* list of Erichsen's infractions above). In *Barron v. Univ. of Michigan*, 613 Fed. Appx. 480, 484 (6th Cir. 2015), the Sixth Circuit elaborated on what is required to support a finding of willfulness, bad faith, or fault:

> whether the party's failure is due to willfulness, bad faith, or fault—requires a clear record of delay or contumacious conduct. Contumacious conduct is behavior that is perverse in resisting authority and stubbornly disobedient. The [party's] conduct must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of his conduct on those proceedings.

8

(internal citations omitted). On this record, the undersigned has little trouble concluding that Erichsen's behavior in this case is due to willfulness or bad faith and amounts to contumacious conduct as defined by the Sixth Circuit. Further, recognizing that Erichsen is proceeding *pro se* in this matter, the Court referred him to the Eastern District's *Pro Se* Clinic for assistance. (Dkt. 143, at p. 10-11). Yet, it appears that Erichsen has not availed himself of the clinic's assistance.

As to the second factor, whether the opposing party has been prejudiced by the failure to cooperate in discovery, Annabel has clearly been prejudiced. Erichsen has thwarted Annabel's attempts to prosecute this case despite giving Erichsen every opportunity to do so.[1] Indeed, simply showing that a party "waste[d] time, money, and effort in pursuit of cooperation which [the opponent] was legally obligated to provide" can suffice to establish prejudice. *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008) (quoting *Harmon v. CSX Transp.*, 110 F.3d 364, 368 (6th Cir. 1997)). This case has been pending for quite some time and the Court does not expect Annabel to wait indefinitely for Erichsen's participation in discovery and motion practice when it appears that Erichsen has simply abandoned his responsibilities as a party to this matter.

---

[1] While Erichsen has made minimal attempts to comply with discovery by way of sending some initial responses to Annabel's discovery requests, in large part Erichsen has not complied with Court orders on discovery matters or Annabel's requests, hence the need for Annabel to file multiple motions to compel.

Regarding the third factor, in its order sanctioning Erichsen for failing to comply with the Court's prior order compelling discovery responses, the Court expressly noted that the list of sanctions under Rule 37(b)(2) "is not a finite list, but rather examples of the types of orders the Court may issue, such as dismissing the action or treating as contempt the failure to comply." (Dkt. 190). The order also expressly referenced and described authority for recommending default judgment as a sanction for failure to comply with discovery orders. (*Id*. at Pg. ID 1475). Though the aforementioned reference may be deemed to have been somewhat indirect in terms of notice, notably, express notice of the possibility of entry of default judgment is not indispensable. As one court in this Circuit explained in discussing the third factor:

> "There is no magic-words prerequisite to dismissal under Rule 37(b)," *Universal Health Grp. v. Allstate Ins. Co.*, 703 F.3d 953, 956 (6th Cir. 2013), and no one factor is dispositive under the Rule 37(b) analysis, *United States v. Reyes*, 307 F.3d 451, 458 (6th Cir. 2002). Where a court finds that a party acted in bad faith, notice is not required. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) ("Where a plaintiff has not been given notice that dismissal is contemplated, a district court should impose a penalty short of dismissal *unless the derelict party has engaged in bad faith or contumacious conduct*." (internal quotations and citation omitted) (emphasis added)).

*Brown v. Tellermate Holdings Ltd.*, 2015 WL 4742686, at *8 (S.D. Ohio Aug. 11, 2015); *Fharmacy Records v. Nassar*, 379 Fed. Appx. 522, 524 (6th Cir. 2010)

(internal citations omitted) (The Sixth Circuit has "reversed the dismissal of certain cases where the district court failed to 'put the derelict parties on notice that further noncompliance would result in dismissal,' ... but as this is just one factor, [the Sixth Circuit has] also held that prior warning is not indispensable.").

Here, while the Court did not expressly state that failure to comply with discovery and Court orders would lead to a recommendation for default judgment, the Court did note entry of default judgment as one of the options available for discovery non-compliance in its prior order sanctioning Erichsen. Moreover, even if the Court's reference were deemed inadequate for purposes of notice, given the undersigned's finding that Erichsen acted in bad faith and with contumacious conduct, prior notice is not necessary. *Bard v. Brown Cty.*, 2018 WL 1420575, at *9 (S.D. Ohio Mar. 22, 2018) (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997)). Further, Annabel brought the motion at bar seeking, among other things, default judgment pursuant to Fed. R. Civ. P. 37(b)(2). Thus, Erichsen is on notice that default judgment for failure to comply with discovery orders is on the table. Yet, he has still failed to respond. By all appearances Erichsen has simply abandoned his own defense in this matter.

Finally, given Erichsen's continued failure to obey Court orders, the undersigned sees no utility in ordering lesser sanctions. The Court has already implemented lesser sanctions, and Erichsen is currently accruing fines on the

11

sanction imposed and still Erichsen is not responding. On this record there is no indication that some lesser sanction would be sufficient to spur Erichsen into participating in this litigation. Taken together, these factors weigh in favor of entering default judgment against Erichsen in an amount to be determined in separate proceedings for damages.

## III.  RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** entry of a default judgment against defendant Jorg Erichsen.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: March 15, 2019

s/Stephanie Dawkins Davis
Stephanie Dawkins Davis
United States Magistrate Judge

### CERTIFICATE OF SERVICE

I certify that on March 15, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and that I have mailed by United States Postal Service to the following non-ECF participants: Robert Annabel #414234, Ionia Maximum Correctional Facility, 1576 W. Bluewater Highway, Ionia, MI 48846 and Jorg Erichsen, 331 Hillcrest Avenue, Grosse Pointe Farms, MI 48236.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov