UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

    Plaintiff,

v.

JORG ERICHSEN, et al.,

    Defendants.

    _____/

Case No. 2:15-cv-10345

HONORABLE STEPHEN J. MURPHY, III

**ORDER STRIKING DEFENDANT JORDAN'S
MOTION FOR SUMMARY JUDGMENT [196] AND FINDING
MOOT PLAINTIFF'S MOTION FOR LEAVE TO FILE SUR-REPLY [208]**

On October 11, 2017, Defendant Jordan—and several other Defendants—filed a motion for summary judgment or to dismiss. ECF 99. The Court construed the motion as a motion for summary judgment. ECF 149, PgID 1162 n.8. The Court determined that only Plaintiff's claims against "Defendant Jorg Erichsen and his First Amendment retaliation claim against CO Jordan remain[ed]." *Id.* at 1185. On January 17, 2019, Jordan filed a second motion for summary judgment. ECF 196. Plaintiff Robert Annabel responded, ECF 206, and filed a motion for leave to file a sur-reply, ECF 208. The Court reviewed the briefs and finds that a hearing is unnecessary. E.D. Mich. LR 7.1(f). For the reasons below, the Court will strike Defendant's motion for summary judgment and find moot Plaintiff's motion for leave to file a sur-reply.

1

# DISCUSSION

I. <u>Defendant Jordan's Motion for Summary Judgment</u>

"A party must obtain leave of court to file more than one motion for summary judgment." E.D. Mich. LR 7.1(b)(2). Jordan failed to obtain leave to file his second motion for summary judgment. The Court will therefore strike the motion.

Jordan argues that Plaintiff cannot establish that Jordan took an adverse action against him. ECF 196, PgID 1515–16. Plaintiff alleges that Jordan commented to him about Plaintiff's grievance against Erichsen and then threatened him with a disciplinary sanction. The Court previously noted that a "mere potential threat of disciplinary sanctions is sufficiently adverse to support a claim of retaliation." ECF 149, PgID 1181 (quoting *Maben v. Thelen*, 887 F.3d 252, 266 (6th Cir. 2018)). Insofar as Jordan seeks reconsideration of the Court's treatment of Plaintiff's First Amendment claim, he failed to satisfy the requirements of a motion for reconsideration. *See* E.D. Mich. LR 7.1(h).

Moreover, Jordan concludes that Plaintiff's "version of events contradicts that of both Defendant Jordan and [co-Defendant] Officer Lebron who witnessed the interaction. Annabel's story is blatantly contradicted by the record evidence and the court should not adopt it." ECF 196, PgID 1516. The mere contradiction of the parties' versions of the events does not carry Jordan's summary-judgment burden. He must demonstrate the absence of a genuine dispute of any material fact. *See* Fed. R. Civ. P. 56(a).

Finally, Jordan maintains that he is entitled to qualified immunity because Plaintiff failed to allege the violation of a constitutional right. As the Court previously determined, Plaintiff sufficiently alleges a First Amendment retaliation claim against Jordan.

II. <u>Plaintiff's Motion for Leave to File a Sur-Reply</u>

The magistrate judge is responsible for resolution of nondispositive motions. *See* ECF 106 (rescinding order of reference for dispositive motions only). Nevertheless, because the Court has struck Defendant's pending dispositive motion, Plaintiff's motion for leave is moot.

### ORDER

**WHEREFORE**, it is hereby **ORDERED** that the Clerk of the Court shall **STRIKE** Defendant Jordan's motion for summary judgment [196].

**IT IS FURTHER ORDERED** that the Court **FINDS** Plaintiff's motion for leave to file a sur-reply [208] is **MOOT**.

**SO ORDERED.**

                                        s/ Stephen J. Murphy, III
                                        STEPHEN J. MURPHY, III
                                        United States District Judge

Dated: April 22, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 22, 2019, by electronic and/or ordinary mail.

                                        s/ David P. Parker
                                        Case Manager