UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT ANNABEL,

    Plaintiff,

Case No. 2:15-cv-10345

HONORABLE STEPHEN J. MURPHY, III

v.

JORG ERICHSEN, et al.,

    Defendants.
                              /

**OPINION AND ORDER ADOPTING
REPORT AND RECOMMENDATION [210], GRANTING
PLAINTIFF'S MOTION FOR CONTEMPT [201], AND DENYING
AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [207]**

On January 25, 2019, Plaintiff Robert Annabel filed a second motion for contempt and sanctions against Defendant Jorg Erichsen. ECF 201. On February 14, 2019, Plaintiff filed a motion for summary judgment against Erichsen. ECF 207. Erichsen did not respond to either motion. On March 15, 2019, the magistrate judge issued a Report and Recommendation ("Report") suggesting that the Court grant Plaintiff's motion for contempt and enter default judgment against Jorg Erichsen. ECF 210. The deadline to object to the Report was March 29, 2019. Erichsen lodged three objections.[1] *See* Exh. A. The Court will adopt the magistrate judge's Report,

---

[1] Erichsen mailed a packet of discovery materials and a single page of objections to the Court. The Court forwarded the packet to the Clerk's office and asked the Clerk of the Court to docket the information. Recognizing that the packet included discovery materials (which should not be filed on the docket), the Clerk's office mailed the packet back to Erichsen. Because the originals were mailed back to Erichsen, the Court attaches a digital copy of his objections as Exhibit A and will cite to it as "Exh. A."

1

grant Plaintiff's motion for contempt, enter default judgment against Erichsen, and find Plaintiff's motion for summary judgment against Erichsen moot.

**STANDARD OF REVIEW**

Rule 72(b) governs a district court's review of a magistrate judge's recommendation on a dispositive matter. Fed. R. Civ. P. 72(b). The district court must consider any objections filed within 14 days of a magistrate judge's entry of a recommended disposition and "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id*.

**DISCUSSION**

I. <u>Default Judgment</u>

*A. The Report.*

The magistrate judge recommended entry of default judgment against Erichsen as a sanction for his avoidance of discovery. ECF 210, PgID 1743. If a party "fails to obey an order to provide or permit discovery," the Court may enter "default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2). Entry of default judgment "is a sanction of last resort." *Bank One of Cleveland, N.A. v. Abbe*, 916 F.2d 1067, 1073 (6th Cir. 1990). The Court considers several factors when deciding whether to enter default judgment as a sanction: (1) whether the defaulting party's "failure to cooperate in discovery" prejudiced the adversary; (2) whether the defaulting party received a warning "that failure to cooperate could lead" to default;

and (3) whether "less drastic sanctions were imposed or considered" before entry of default judgment. *Id.* (citation omitted). The magistrate judge considered these factors and found that the factors weighed in favor of entry of default judgment.

*B. Objections.*

Erichsen filed three objections. First, he noted that he is "not able to keep up with all of Mr. Annabel's legal maneuvers" and that he was resending answers to Plaintiff's interrogatories. Exh. A. Second, he explained that he would benefit from legal assistance[2] and that the discovery admissions appeared as "some type of entrapment legal maneuver unbeknownst" to him. *Id.* He insists that his "confusion as to legal things should not be mis interpreted [sic] as defiance in any way." *Id.* Finally, Erichsen commented on the short time to respond to the Report. *Id.*

Liberally construed, Erichsen's objections challenge only the magistrate judge's determination that his "first anemic, then non-existent responses to motions and Court orders were rooted in bad faith and constitute contumacious conduct." ECF 210, PgID 1746. Erichsen's brief objection fails to overcome his extensive failure to engage in the litigation in good faith. *See id.* at 1747–49 (detailing five instances in which Erichsen failed to comply with Court orders; noting he failed to respond to discovery as ordered; explaining he failed to comply with the magistrate judge's order of sanctions; and describing his letters that demonstrated a disinterest in litigating the case). Having considered Erichsen's objections and the magistrate judge's Report

---

[2] The magistrate judge previously denied Erichsen's motion to appoint counsel. *See* ECF 143.

3

de novo, the Court agrees with the magistrate judge that the factors weigh in favor of entry of default judgment. The Court will therefore adopt the Report and enter default judgment.

*C. Entry of Default Judgment.*

Plaintiff's amended complaint includes four claims against Erichsen: (1) violation of the Eighth Amendment for use of excessive force; (2) violation of the First Amendment for a conspiracy to retaliate against Plaintiff; (3) state-law intentional infliction of emotional distress; and (4) state-law assault and battery. ECF 49, PgID 366–67; *see also* ECF 149, PgID 1160–61 (describing Plaintiff's claims in the Court's previous opinion on a motion for summary judgment). The Court will enter default judgment against Erichsen on all four claims as a Rule 37 sanction for his continued unresponsiveness to Court proceedings.

*D. Appropriate Relief.*

The Court must still determine Plaintiff's damages. "The court may conduct hearings or make referrals" to determine the amount of damages. Fed. R. Civ. P. 55(b)(2). But the Court need not hold a hearing. *See Vesligaj v. Peterson*, 331 F. App'x 351, 354 (6th Cir. 2009) (citation omitted).

   1. Declaratory Relief.

Plaintiff seeks "[a] declaratory ruling that [Erichsen] violated any or all of [his] federal rights." ECF 49, PgID 368. Federal statute permits the Court to "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a). The Court possesses "unique and substantial discretion in deciding whether to declare the

4

rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). Because Plaintiff is receiving default judgment on his substantive claims, the Court will not further declare the rights of the parties. The Court will therefore not issue a declaratory judgment.

2. Monetary Damages.

Plaintiff also seeks: $50,000 in damages for his Eighth Amendment claim; $100,000 for his First Amendment claim; $100,000 for his intentional-infliction-of-emotional-distress claim; and $50,000 for his assault and battery claims. ECF 49, PgID 367 (sections b, c, f, and g relate to the claims against Erichsen). In total, Plaintiff seeks $300,000 in compensatory and punitive damages. In the event of default, the Court does not assume the truth of alleged damages. *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006) (citing *Thomson v. Wooster*, 114 U.S. 104 (1885)). The Court therefore must calculate the appropriate damages arising from the claims against Erichsen. The Court will address the factual allegations related to each claim.

*Excessive Force and State-Law Assault and Battery Claims.*

Plaintiff alleged that, on December 3, 2013, Erichsen "angrily assault[ed] [Plaintiff] with several kicks to both shins" after Plaintiff "jokingly" locked a prisoner in a shower. ECF 49, PgID 358. During the encounter, Erichsen said, "You fuckhead, now I have to go get the key! How about I lock you in there, bitch!" *Id.* Erichsen's actions left Plaintiff with "skin abrasions" and he received "wound treatment" from

the prison's medical center. *Id.* The prison's mental health specialist also interviewed Plaintiff two days after the incident. *Id.* at 359.

In his motion for summary judgment against Erichsen, Plaintiff attached an MDOC memorandum on its investigation into the December 3, 2013 incident. *See* ECF 207, PgID 1605–09. In the report, the investigator explained that video of the incident showed that Erichsen "use[d] his right foot and forcibly kick[ed] prisoner Annabel in the lower leg, shin area, one time." *Id.* at 1606; *see also id.* at 1608 ("The allegation by prisoner Annabel that he was struck four times by Officer Erichsen is unfounded; the video shows only one kick."); *id.* at 1643 (Warden's letter to prison's Internal Affairs noting "Erichsen . . . kicked Annabel in the shin area" and "[t]he video clearly show[ed] one kick being delivered to the inmate by Officer Erichsen").

Plaintiff's motion also included a report from the prison infirmary. The nurse that treated Plaintiff after his encounter with Erichsen noted "[s]light bruising present on the right shin with superficial abrasion present. No active bleeding present." *Id.* at 1613. The nurse provided Plaintiff with ice and Tylenol. *Id.*

Plaintiff has not demonstrated physical injuries justifying an award of $100,000 for his excessive-force and assault and battery claims. Default on an excessive force claim "does not, as a matter of law, entitle the victim to an award of compensatory damages." *Early v. City of Dayton*, 103 F.3d 129 (6th Cir. 1996) (Table) (citing *Haywood v. Koehler*, 78 F.3d 101, 104 (2d Cir. 1996)). Because Erichsen's conduct resulted in slight bruising to Plaintiff's shin, the Court will award plaintiff

nominal damages of $1 for each of his Eighth Amendment excessive-force and state-law assault and battery claims.

*First Amendment Conspiracy to Retaliate.*

A prisoner-plaintiff can recover nominal damages and punitive damages for a First Amendment violation. *Swackhammer v. Goodspeed*, No. 4:03–CV–82, 2009 WL 189854, at *2 (W.D. Mich. Jan. 26, 2009) (collecting cases). Annabel engaged in protected conduct by filing a grievance against Erichsen. ECF 149, PgID 1179–80. But Erichsen was on administrative leave at the time Annabel filed his grievance and the alleged conspiracy occurred. Plaintiff included evidence in his motion for summary judgment against Erichsen that Erichsen had "not discussed the case with anyone" and had "not shared any details of the case with anyone except the union officials." ECF 207, PgID 1637. Because Plaintiff presented evidence that Erichsen had not communicated with other MDOC staffers, the Court will award nominal damages of $1 for Plaintiff's First Amendment retaliation claim against Erichsen.

*Intentional Infliction of Emotional Distress.*

The Prisoner Litigation Reform Act ("PLRA") precludes recovery for "mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, Plaintiff can recover only for emotional injuries arising from Erichsen's kick to his shin. The Court will award Plaintiff nominal damages of $1 for Plaintiff's intentional infliction of emotional distress claim against Erichsen.

7

II.　Plaintiff's Motion for Summary Judgment

Because the Court adopted the magistrate judge's recommendation for default judgment, Plaintiff's motion for summary judgment against Erichsen is moot.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the magistrate judge's report and recommendation [210] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for contempt [201] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Court **FINDS** Plaintiff's motion for summary judgment [207] **MOOT**.

The Court will enter judgment separately.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: April 22, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 22, 2019, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager